UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In Re:

DANICA ASSOCIATES, LLC,                    Case No.: 18-12476-MAM[1]

    Debtor.                                Chapter 11
_____/

RYNIC INC.,                                Case No: 18-12477-MAM

    Debtor.
_____/

BRANWELL, INC.,                            Case No: 18-12478-MAM

    Debtor.
_____/


**FIRST AMENDED PLAN OF REORGANIZATION
BY: DANICA ASSOCIATES, LLC, RYNIC INC., AND BRANWELL, INC.
DATED July 1, 2019**


**THE ASSOCIATES**
David Lloyd Merrill, Esq.
1525 Prosperity Farms Road, Suite B
West Palm Beach, FL 33403
(o) 1.561.877.1111
dlmerrill@theassociates.com
**ATTORNEYS FOR THE DEBTORS**

---

[1] These cases are jointly administered in accordance with this court's Order dated April 11, 2018 at DE #21.

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Danica Associates, LLC, Rynic, Inc, and Branwell, Inc. (collectively the "Debtors") from cash flow from operations and future earnings. This Plan provides for one class of secured claim, two classes of unsecured claims, and one equity interest holder class. Allowed unsecured creditors holding allowed claims will receive distributions, which the Proponents of this Plan have valued at 50 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   Class 1 consists of the Allowed Secured Claim of Valley National Bank

2.02   Class 2.   Class 2 consists of the Unsecured Taxing Authority Claims

2.03   Class 3.   Class 3 consists of the Allowed General Unsecured Claims

2.04   Class 4.   Class 4 consists of the Equity Interest Holders

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, US TRUSTEE FEES AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.   Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03   Priority Tax Claims.   Each holder of a priority tax claim will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and

the Debtor.

<u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br><br>**Allowed Secured Claim of Valley National Bank** | Impaired | Unless otherwise agreed to by the Debtors and Valley National Bank, on the Effective Date the Secured Claim owed to Class 1 in the secured amount of amount of $60,273.57 will be paid in monthly installments of $3,348.53 starting in Month 1 through Month 18 of the Plan. Branwell, which holds two locations, one of which has a lease expiring in December which the Franchisor, DAI a/k/a Subway, has already issued a Notice of Non-Renewal which may or may not result in a new lease or sale of the location. The second Branwell location is located in a Walmart, which requires a remodel. A remodel will result in a renewed 15 year lease. The Debtor proposes to sell this location, also for an amount to be determined, as the Debtor does not have the capital to remodel the location. Finally, the Debtor proposes to sell one location belonging to Danica; which price is expected to be roughly $15,000.00. Each sale, once a contract has been executed, be in accordance with a motion to be filed with this Disclosure Statement with 90% of those proceeds going to the Class 1 creditor and 10% going to the Debtor's estate.  Furthermore sales of properties will reduce the monthly amount due to the Class 1 creditor on a proportional basis. Other sales of locations, if any, will be distributed as follows: Months 1 – 18: 90% to the Class 1 creditor up to the amount of secured claim set forth herein. Once the Class 1 claims are satisfied, any additional sales will be paid 90% to the Class 3 creditor up to the amount reflected in Class 3. The balance of Valley National Bank's claim will be treated as a general unsecured claim and paid as set forth in Class 3 below.  The Debtor will maintain all taxes and insurance as required by US Trustee Guidelines. |
| Class 2<br><br>**Allowed Priority Unsecured Taxing Authority Claims** | Impaired | Class 2 The Internal Revenue Service will be paid $300.00 plus any taxes that become in full in compliance with 11 U.S.C. §1129(a)(9). |
| Class 3<br><br>**Allowed General Unsecured Claims** | Impaired | Unless otherwise agreed to by the creditors in Class 3, on the Effective date the holders of Class 3 Claims will be paid a pro rata share of $257,829.43 LESS any amounts paid in accordance with the sales of various locations as described above. This amount will be payable in monthly installments of $3,348.43 per month starting in Month 19 of the plan through month 95 of the Plan with a final payment in Month 96 of |

| | | |
|---|---|---|
| | | $3,348.75. To the extent the Debtors elect to sell locations in arm's length transactions to third parties, the proceeds of such sales shall be divided such that 10% of the net proceeds from each sale is paid to the Debtor's principle, Rita Weller (in partial compensation for maintaining the operational value of the Debtors to the benefit of the estate and all members of this class), and 90% is payable to the members of this Class in lump sum. Each payment shall reduce both the total amount due to this class but will also reduce the monthly payment by a percentage equal to the percentage of debt reduction made. In additional Rita Weller will be contributing substantial new value in exchange for a permanent injunction in her favor as set forth below. |
| Class 4<br>**Equity Interest Holders** | Unimpaired | The Plan proposes that the Equity Interest Holders will retain their interests, subject to applicable provisions of the Bankruptcy Code, in accordance with 11 U.S.C. §1129(b)(2)(A) and (B). No plan payments will be made to this Class except as set forth in Class 3 above. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02    <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    <u>Settlement of Disputed Claims</u>. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a)    The Debtors reject all executory contracts and/or unexpired leases upon the Effective Date of this Plan as provided in Article VII, except for any executory contract or unexpired lease (i) which is provided for above or that previously has been assumed or rejected pursuant to an order of the Court entered prior to the Effective Date, (ii) as to which a motion for approval of the assumption or rejection of such executory contract or unexpired lease has been filed and served prior to the Effective Date or (iii) which is listed on the Assumption List which shall be filed with the Court and

served on the affected parties by no later than twenty (20) days prior to the Balloting Deadline; provided, however, that the Reorganized Debtors shall have the right, on or prior to the Confirmation Date, to amend the Assumption List to delete any executory contract or unexpired lease therefrom or add any executory contract or unexpired lease thereto, in which event such executory contract(s) or unexpired lease(s) shall be deemed, respectively, assumed or rejected. The Plan Proponents or Reorganized Debtors shall provide notice of any amendments to the Assumption List to the non-Debtors parties to the executory contracts and unexpired leases affected thereby. The listing of a document on the Assumption List shall not constitute an admission by the Plan Proponents or Reorganized Debtors that such document is an executory contract or an unexpired lease or that the Debtors or Reorganized Debtors have any liability thereunder.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION
## AND EFFECT OF CONFIRMATION OF PLAN

### 7.01 General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtors or Reorganized Debtors, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

### 7.02 Continued Corporate Existence

Reorganized Debtors shall continue to exist after the Effective Date with all powers of a corporation under the laws of the State of Florida and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under Florida law; and, following the Effective Date, Reorganized Debtors may operate their business free of any restrictions imposed by the Bankruptcy Code, the bankruptcy Rules or by the Court, subject only to the terms and conditions of this Plan and Confirmation Order.

### 7.03 The Reorganized Debtors

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtors shall be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtors shall assume all of the Debtors' rights, obligations and liabilities under the Plan.

### 7.04 Funding

Funds to be used to make cash payments under the Plan shall derive from

operations and future earnings of the Debtors.

### 7.05 Effectiveness of Instruments and Agreements

On the Effective Date, all documents issued in this case or pursuant to the Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### 7.06 Corporate Action

On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the stockholders, directors or members of the Debtors or Reorganized Debtors or their successors in interest under the Plan, including, without limitation, the authorization to issue or cause to be issued the new common stock and documents relating thereto, the adoption of the Reorganized Debtors' Certificate of Incorporation, the Reorganized Debtors' Bylaws, and the election or appointment, as the case may be, of directors and officers of the Debtors pursuant to the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable General Corporation Law, without any requirement of further action by the stockholders or directors of the Debtors or Reorganized Debtors. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtors shall, if required, file their amended certificate of incorporation with the secretary of state of the state in which the Reorganized Debtors are incorporated, in accordance with the applicable general corporation law of such state.

### 7.07 Approval of Agreements

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

### 7.08 Change of Control of the Debtors

Any acceleration, vesting or similar change of control rights of any Person under employment, benefit or other arrangements with the Debtors that could otherwise be triggered by the entry of the Confirmation Order or the consummation of the Plan or any of the transactions contemplated thereby shall be deemed to be waived and of no force or effect. The President of the Reorganized Debtors is Rita K. Weller.

### 7.09 Administration After the Effective Date

After the Effective Date, the Reorganized Debtors may operate their businesses, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

### 7.10 Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 7.11 Revesting of Assets

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtors, including, without limitation, the Actions shall revest in the Reorganized Debtors on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

### 7.12 Causes of Action

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, any and all Actions accruing to the Debtors and Debtors in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtors, and the Reorganized Debtors and/or the Plan Administrator, as the case may be, shall have the authority to commence and prosecute such Actions for the benefit of the Estate. Specifically, the Reorganized Debtors, shall continue to prosecute any Action pending on the Effective Date. Further, section 547 of the Code enables a debtor in possession to avoid transfers to a creditor, based upon an antecedent debt, made within ninety (90) days of the petition date, which enables the creditor to receive more than it would under a liquidation. Creditors have defenses to the avoidance of such preferential transfers based upon, among other things, the transfers having occurred as part of the debtor's ordinary course of business, or that subsequent to the transfer the creditor provided the debtor with new value. The Reorganized Debtors and/or the Plan Administrator, as the case may be, will analyze payments made by the Debtors to creditors within ninety (90) days (or in the case of insiders, one year) before the Commencement Date (as set forth in item 3(a) in the Debtors' Statement of Financial Affairs) to determine which such payments may be avoidable as preferential transfers under the Code and, if appropriate, prosecute such actions.

After the Effective Date, the Reorganized Debtors shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions with the approval of the Court. Prior to Confirmation, the Debtors shall file a schedule of potential Avoidance Actions, if any.

### 7.13 Discharge of Debtors

Except as otherwise provided herein or in the Confirmation Order, the

rights afforded herein and the treatment of all Claims and equity interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and equity interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtors and the Debtors in Possession, the Estate, any of the assets or properties under the Plan. Except as otherwise provided herein, (i) on the Effective Date, all such Claims against the Debtors, and equity interest in the Debtors shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors, their assets or properties, or their officers and/or directors, any other or further Claims or equity Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtors and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order. **Furthermore this Plan contemplates that Rita Weller will contribute $110,000.00 of her own personal money which shall constitute new value. This new value shall extend the discharge to include her as well, EXCEPT THAT as to her, discharge will only occur after the earlier of (1) a specific store's sale (which will reduce Weller's personal liability by the same percentage as set forth in Class 3 above as related to a sale's affect upon the payment to Class 3), or; (2) all payments have been made as contemplated herein. The payment of $110,000.00 by Rita Weller will be made solely at her discretion as to when or if it will be paid, as well as to which of the Debtors and in what amounts.**

### 7.14 Injunction Related to Discharge

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtors are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the*

*Debtors or against their property or interests in property of the Debtors on account of any such Claim. Such injunctions shall extend to successors of the Debtors and their respective properties and interests in property. Furthermore this Plan contemplates that Rita Weller will contribute $110,000.00 of her own personal money which shall constitute new value. This new value shall both extend the permanent injunction to include her as well, which shall bar any further action against her for any debts she is deemed to be a comaker or guarantor on with any or all of the Debtors herein. Finally upon motion and notice before this court, upon payment of the $110,000.00 the automatic stay shall also extend to protect Rita Weller as well. The payment of $110,000.00 by Rita Weller will be made solely at her discretion as to when or if it will be paid, as well as to which of the three Debtors and in what amounts.*

### 7.15 Injunction Against Interference with the Plan

*Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

### 7.16 Votes Solicited in Good Faith

The Debtors have, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02   Effective Date of Plan. The effective date of this Plan is the fifteenth day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>.  In accordance with 11 U.S.C. §1123(a)(6), upon confirmation of this Plan the Debtors shall amend their corporate charter to prohibit the issuance of nonvoting equity securities.  The Debtors represent that no such nonvoting equity securities exists currently or will exist on the Confirmation Date.

**ARTICLE IX**
**<u>DISCHARGE</u>**

9.01. <u>Discharge.</u>  In addition to the provisions provided in Paragraph 7.13 and 7.14 above, on the confirmation date of this Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtors will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

**Danica Associates, LLC**

By: _____
   Rita K Weller, its President

**Rynic, Inc.**

By: _____
   Rita K Weller, its President

Branwell, Inc.

By: _____
    Rita K Weller, its President


**THE ASSOCIATES**

By: /s/ *David Lloyd Merrill, Esq.*
    David Lloyd Merrill, Esq.
    1525 Prosperity Farms Road, Suite B
    West Palm Beach, Florida 33403
    Phone: (561) 877.1111
    **Attorneys for the Debtors**