

**ORDERED in the Southern District of Florida on September 1, 2021.**

**Mindy A. Mora, Judge
United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

In re:                                                    Case No.: 18-12476-MAM

Danica Associates, LLC,                 Chapter 11 Jointly Administered[1]

      Debtor.
_____/

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 357)

Danica Associates, LLC, Rynic, Inc, and Branwell, Inc. (collectively, "Debtors") have filed a motion to reconsider the Court's *Order (I) Granting Valley National Bank's Motion to Dismiss Case; (II) Denying Debtors' Motion to Value; (III) Overruling Debtors' Objection to Valley National Bank's Notice of Election With Respect to Debtors' Sixth Amended Plan of Reorganization; and (IV) Denying Confirmation of*

---

[1] Administratively consolidated with *In re: Rynic Inc.,* Case No. 18-12477-MAM and *In re: Branwell, Inc.,* Case No. 18-12478-MAM.

*the Debtors' Sixth Amended Plan of Reorganization.* The Order may be found at ECF No. 348. Debtors' Motion is filed as ECF No. 357.

The Motion claims that unrefuted testimony by Kenneth Mueller at a prior evidentiary hearing held on May 27, 2021 (the "Evidentiary Hearing") is a "game changer" and that, based upon this testimony, the Court should reconsider its prior ruling. Specifically, Debtors contend that although Mr. Mueller's expert report ("Report")[2] does not by itself support going-forward or enterprise value, the Report plus Mr. Mueller's testimony at the Evidentiary Hearing does, in fact, provide a basis for going-forward or enterprise value.

Respectfully, the Court disagrees. The Court considered ALL available evidence prior to issuing its ruling on July 15, 2021 (the "Oral Ruling"). That consideration included Mr. Mueller's testimony, even if the Court did not describe it line by line in the Oral Ruling. Simply put, the evidence as a whole (including Mr. Mueller's testimony) did not and still does not support the conclusion that Debtors can formulate and perform under a confirmable chapter 11 plan. Although Mr. Mueller's testimony is *some* evidence of enterprise value, it is not *sufficient* evidence of meaningful enterprise value. And that, in a nutshell, was the issue. Debtors failed to carry their burden of proof to overcome Valley National Bank's 1111(b) election.

---

[2] Debtors introduced the Report into evidence at the Evidentiary Hearing as Debtors' Exhibit 1 (ECF No. 323-1).

To provide absolute clarity for the record, should this matter go up on appeal, the Court will briefly address the merits of Debtors' Motion under the governing Federal Rule of Civil Procedure.

Federal Rule of Civil Procedure 60(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 9024, sets out the grounds upon which a court may grant relief from or reconsideration of a judgment or order. Those grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60; *see also* Fed. R. Bankr. P. 9024 (incorporating Rule 60).

In the Motion, Movant fails to identify any reason why, pursuant to Rule 60(b), the Court should reconsider entry of the Order. As a result, the Court concludes that the Motion should be denied because it fails to enunciate and argue the appropriate standard for reconsideration of a court order. To eliminate any doubt as to the potential merits of Movant's arguments, however, the Court will analyze the Motion as if it were properly pled pursuant to Rule 60(b).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing

3

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.* at 1369. Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing discretion of court to weigh potential for manifest injustice).

In the present instance, Movant has neither cited to Rule 60(b) nor provided the Court with a basis under the Rule for reconsideration. And, being well familiar with case law interpretations for each available subsection of Rule 60(b), the Court strains to divine which of the potential bases Debtors might attempt to argue. Because Debtors do not clearly identify the existence of a mistake, inadvertence, or excusable neglect, the likeliest option is Rule 60(b)(6), which encompasses "any other reason that justifies relief."

Application of this subsection is extraordinarily limited. For a cogent description of a very unique case where Rule 60(b)(6) applied, the Court would refer the parties to Judge Mark's order setting aside a default judgment in *Dillworth v. Rustica Franchise Company, Inc. (In re Gennaro)*, Adv. Proc. No. 16-01641-RAM,

4

2018 WL 1896306, at *2 (Bankr. S.D. Fla. Apr. 19, 2018). That order describes and emphasizes the highly limited and rarely available nature of relief under Rule 60(b)(6) pursuant to existing Eleventh Circuit precedent. *Id.*; *Shell v. Schwartz,* 357 Fed. Appx. 250, 252-53 (11th Cir. 2009), *Griffin v. Swim-Tech Corp.*, 72 F.2d 677, 681 (11th Cir. 1984).

Review of those binding cases from the Eleventh Circuit Court of Appeals and other related case law confirms the Court's conclusion that application of Rule 60(b)(6) is not appropriate in the present instance. Debtors have neither articulated nor shown "exceptional circumstances". *Griffin,* 72 F.2d at 680. And, although the Court is incredibly sympathetic to Debtors, and has been mindful through these cases of the impact of dismissal upon the employees of Debtors, the facts simply are what they are. When viewed as a whole, the record does not support any meaningful conclusions regarding enterprise valuation of any of the Debtors.

Because a motion for reconsideration should not be used "as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made," the Court is persuaded that reconsideration of the Order is not appropriate. *Burger King,* 181 F.Supp.2d at 1369 (internal citation and quotation marks omitted).

Accordingly, the Court, having considered the Motion and the full record of each Debtor's bankruptcy case, hereby **ORDERS** that the Motion is **DENIED**.

###

Copies furnished to:

David Merrill, Esq.
*Attorney Merrill is directed to serve this Order in compliance with all applicable Bankruptcy and Local Rules and file a conforming certificate of service.*